UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LISA MARIE SESSIONS,

      Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,
                                 /

Case No. 1:15-CV-4

HON. ROBERT HOLMES BELL

## OPINION

This is a social security action brought under 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of the Social Security Administration (Commissioner). Plaintiff Lisa Marie Sessions seeks review of the Commissioner's decision denying her claim for disability insurance benefits (DIB) and supplemental security income (SSI) under Titles II and XVI of the Social Security Act.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health & Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1998). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a *de novo* review of the case, resolve evidentiary conflicts, or decide questions of credibility.

*See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Health & Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude, and a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**PROCEDURAL POSTURE**

Plaintiff was 48 years of age on the date of the Administrative Law Judge's (ALJ) decision. (Tr. 38.) She completed high school and was previously employed as a machine operator and inspector, plastic injection mold operator and inspector, food processing inspector, and housekeeper. (Tr. 39, 46-47.) Plaintiff applied for benefits on May 14, 2012, alleging that she had been disabled since February 28, 2011, due to degenerative disc disease. (Tr. 87, 99, 175.) Plaintiff's

2

applications were denied on August 8, 2012, after which time she requested a hearing before an ALJ. (Tr. 115-27.) On May 7, 2013, Plaintiff appeared with her counsel before ALJ James Prothro for an administrative hearing with testimony being offered by Plaintiff and a vocational expert (VE). (Tr. 27-86.) In a written decision dated August 30, 2013, the ALJ determined that Plaintiff was not disabled. (Tr. 7-21.) Thereafter, the Appeals Council declined to review the ALJ's determination, making it the Commissioner's final decision in the matter. (Tr. 1-2.) Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f). First, an individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings. 20 C.F.R. § 404.1520(b). Second, an individual who does not have a "severe impairment" will not be found "disabled." 20 C.F.R. § 404.1520(c). Third, if an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. 20 C.F.R. § 404.1520(d). Fourth, if an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made. 20 C.F.R. § 404.1520(e). Fifth, if an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. 20 C.F.R. § 404.1520(f).

3

If the Commissioner can make a dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a non-exertional impairment as well as an exertional impairment, both are considered in determining the claimant's residual functional capacity (RFC). *See* 20 C.F.R. §§ 404.1545, 416.945.

Plaintiff has the burden of proving the existence and severity of limitations caused by her impairments and that she is precluded from performing past relevant work through step four. *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). At step five, it is the Commissioner's burden "to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity (determined at step four) and vocational profile." *Id.*

The ALJ determined that Plaintiff's claim failed at step five of the evaluation. The ALJ initially found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. (Tr. 12.) At the second step, the ALJ determined that Plaintiff had the following severe impairments: (1) s/p cervical spine fusion of C5-7 in 2010; (2) right-sided neck and right upper extremity symptoms; (3) sciatic back pain; (4) depression; and (5) anxiety. (Tr. 12.) At the third step, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the requirements of the Listing of Impairments. (Tr. 13-14.) At the fourth step, the ALJ found that Plaintiff retained the following RFC based on all the impairments:

> to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b). The claimant could lift and carry up to 10 pounds; and in an 8-hour workday with normal breaks, she could stand and walk for a total of 6 hours and could sit for a total of about 6 hours. She could frequently do pushing and pulling and reaching overhead; could occasionally climb ramps and stairs; could never climb ladders, ropes or scaffolds; and could occasionally balance, stoop, kneel, crouch and crawl. She would be limited to simple routine tasks

requiring no fast-paced work and with no more than occasional interaction with the public.

(Tr. 14-15.) The ALJ also found that Plaintiff could not perform any of her past relevant work. (Tr. 19.)

At the fifth step, the ALJ questioned the VE to determine whether a significant number of jobs exist in the economy which Plaintiff could perform given her limitations. *See Richardson*, 735 F.2d at 964. The VE testified that there existed approximately 8,000 jobs in the state of Michigan which an individual similar to Plaintiff could perform. (Tr. 80.) These included the positions of inspector, machine tender, and office helper. (*Id*.) This represents a significant number of jobs. *See Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *McCormick v. Sec'y of Health & Human Servs.*, 861 F.2d 998, 1000 (6th Cir. 1988). Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from February 28, 2011, (the alleged onset date) through August 30, 2013, (the date of the decision). (Tr. 20.)

## DISCUSSION

Plaintiff's Statement of Errors raises the following claims:

1. The ALJ committed reversible error by making up a residual functional capacity (RFC) for Plaintiff which had no evidentiary support.

2. The ALJ committed reversible error by failing to follow applicable Social Security regulations.

3. The ALJ committed reversible error by failing to provide a clear rational [sic] for his decision.

4. The ALJ committed reversible error by failing to follow the accurate testimony of the vocational expert.

(ECF No. 11, PageID.541.)

1.  **RFC**

Plaintiff first argues that the ALJ's RFC determination is unsupported by substantial evidence. While the Court agrees that the ALJ's analysis here is faulty, under the facts presented, remand would be futile.

In determining Plaintiff's RFC, the ALJ correctly noted that none of Plaintiff's treating physicians had opined on any functional limitations that Plaintiff might be subject to due to her impairments. (Tr. 19.) The ALJ gave "great weight" to the opinions of Dr. Matthew Rushlau, Ed.D and Dr. Saadat Abbasi who reviewed the record for the state agency on June 26, 2012, and thereafter opined on Plaintiff's mental and physical functional impairments. (Tr. 87-110.) These were the only opinions given any weight by the ALJ. (Tr. 19.) Dr. Abbasi's assessment, however, differed from Plaintiff's RFC in several respects. For example, Plaintiff's RFC stated she could stand and walk for a total of six hours in an eight-hour workday, but Dr. Abbasi found that Plaintiff could only stand and walk for two hours. (Tr. 14, 106.) The RFC also noted that Plaintiff could frequently push, pull, and reach overhead. (Tr. 14-15.) However, Dr. Abbasi determined that Plaintiff could only do those activities occasionally. (Tr. 106.) The inconsistency between the two, Plaintiff argues, requires remand.

The ALJ did not err in giving the opinions of the two agency reviewers "great weight." (Tr. 19.) "Social Security regulations recognize that opinions from non-examining state agency consultants may be entitled to significant weight, because these individuals are 'highly qualified' and are 'experts in Social Security disability evaluation.'" *Cobb v. Comm'r*, No. 1:12-cv-2219, 2013 WL 5467172, at *5 (N.D. Ohio Sept.30, 2013) (quoting 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i)); *see Barker v. Shalala*, 40 F.3d 789, 794 (6th Cir. 1994). Even though the opinions

were given great weight, the ALJ's failure to adopt all of the restrictions recommended by Dr. Abbasi and Dr. Rushlau does not necessarily constitute error. *See White v. Comm'r of Soc. Sec.*, 970 F. Supp. 2d 733, 753 (N.D. Ohio 2013). This is so because "the final responsibility for determining the claimant's RFC is expressly reserved to the Commissioner." *Id.* at 739 (citing 20 C.F.R. § 416.927(d)(2)). The ALJ "'need only articulate how the evidence in the record supports the RFC determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'"*Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.*, No. 00-1995, 251 F.3d 153, slip op. at 5 (3d Cir. Dec. 19, 2000)).

The error in the ALJ's analysis, however, is that by adopting an RFC that differs from the opinion of Dr. Abbasi, and by failing to provide any further discussion on how the evidence in the record supports the RFC, the ALJ left the Court with an inability to "trace the path of his reasoning." *Diaz v. Chater*, 55 F.3d 300, 307 (7th Cir. 1995). "It is more than merely 'helpful' for the ALJ to articulate reasons . . . for crediting or rejecting particular sources of evidence. It is absolutely essential for meaningful appellate review." *Hurst v. Sec'y of Health & Human Servs.*, 753 F.2d 517, 519 (6th Cir. 1985).

Defendant, however, argues that the error is harmless. This is so because the only medical opinion regarding Plaintiff's RFC in the record was Dr. Abbassi's and Dr. Rushlau's, and at the administrative hearing the VE testified that under these opinions, there were jobs Plaintiff could perform. At the hearing, the first hypothetical posed to the VE reflected Dr. Abbassi's opinion. In response to that hypothetical, the VE testified that Plaintiff could perform the positions of security monitor, order clerk, and assembler, for a total of 7,900 jobs. (Tr. 77-78.) The ALJ also

7

modified the hypothetical to include only simple, repetitive work, occasional public contact and no fast-paced work, which reflected the mild difficulties that Dr. Rushlau opined Plaintiff would have in social functioning and in maintaining concentration, persistence and pace. (Tr. 104.) The VE testified that Plaintiff would still be able to perform the position of security monitor. (Tr. 80–82.) Defendant thus argues that the VE's testimony provides substantial evidence that Plaintiff is capable of performing substantial gainful activity, and thus remand would be futile, citing *Kobetic v. Comm'r of Soc. Sec.* 114 F. App'x 171, 173 (6th Cir. 2004). The Court agrees.

At this step in the evaluation, it was still Plaintiff's burden to establish that she is disabled. 20 C.F.R. § 404.1512(a); *Jones,* 336 F.3d at 474. Plaintiff has identified no opinion or portion of the record that differs with the opinions rendered by the state agency reviewers. It was thus reasonable for the ALJ to depend on the opinions of Dr. Abassi and Dr. Rushlau. At step five, then, the hypothetical question to the VE accurately portrayed Plaintiff's impairments, because the hypothetical was supported by the uncontradicted opinions in the record, and thus provides substantial evidence that there existed a significant number of jobs that Plaintiff could perform. Even if the ALJ erred by adopting an RFC slightly different from that of the non-examining reviewers, remand in this case would be futile because this error did not impact the ALJ's final determination.

Plaintiff also argues that the ALJ violated the Sixth Circuit's holding in *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013), by relying on the opinions of Dr. Rushlau and Dr. Abbasi. As noted above, the ALJ gave the opinions "great weight," noting that they had reviewed the record for the agency. (Tr. 19.) In *Gayheart*, the Sixth Circuit provided guidance to ALJs regarding how to assess opinions from non-examining sources:

> [O]pinions from nontreating and nonexamining sources are never assessed for "controlling weight." The Commissioner instead weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling. 20 C.F.R. § 404.1527(c). Other factors "which tend to support or contradict the opinion" may be considered in assessing any type of medical opinion. *Id*. § 404.1527(c)(6).

710 F.3d at 376.

While the ALJ gave the opinions of the agency reviewers "great weight," there is no indication in the record that the ALJ believed the opinions were entitled to controlling weight. Further, consistent with 20 C.F.R. § 404.1527(c)(6), the ALJ pointed to the specialization of the doctors as agency reviewers. (Tr. 19.) Accordingly, the ALJ's decision to give the opinions great weight is supported by substantial evidence.

Plaintiff also argues that weight was improperly given to the reviewers because they did not review the entire record, particularly records from 2013. "When an ALJ relies on a non-examining source who did not have the opportunity to review later submitted medical evidence, especially when that evidence reflects ongoing treatment," the Sixth Circuit requires "some indication that the ALJ at least considered these [new] facts before giving greater weight to an opinion that is not based on a review of a complete case record." *Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 642 (6th Cir. 2013) (internal citations and quotation marks omitted). Here, the ALJ considered the later developments in the record including, for example, the treatment notes of Dr. Mark Meyer. (Tr. 483-87). Accordingly, Plaintiff's claim lacks merit.

### 2. Agency guidelines

Plaintiff argues that the ALJ violated the Social Security Administration's Program Operations Manual. The Social Security Administration's Program Operations Manual System

9

(POMS) is an internal agency manual. Its guidelines have no legal force, and failure to follow the POMS is not legal error. *See Davis v. Secretary of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989) ("POMS is a policy and procedure manual that employees of the Department of Health & Human Services use in evaluating Social Security claims and does not have the force and effect of law . . . ."). POMS guidelines, where applicable, provide persuasive authority. *Id.* Plaintiff's argument is thus rejected.

### 3. Credibility

Plaintiff argues that the ALJ's decision to discount the credibility of her statements regarding the "intensity, persistence and limiting effects of [her] symptoms" (Tr. 18) is not supported by evidence or a clear rationale. As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability." *King v. Heckler*, 742 F.2d 968, 974 (6th Cir. 1984) (emphasis added); *see also Grecol v. Halter*, 46 F. App'x 773, 775 (6th Cir. 2002) (same). As the relevant Social Security regulations make clear, however, a claimant's "statements about [her] pain or other symptoms will not alone establish that [she is] disabled." 20 C.F.R. § 404.1529(a); *see also Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Comm'r of Soc. Sec.*, 309 F. App'x 981, 989 (6th Cir. 2009). Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition. If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted). This standard is often referred to as the *Duncan* standard. *See Workman v. Comm'r of Soc. Sec.*, 105 F. App'x 794, 801 (6th Cir. 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms." *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)). Where, as here, the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record." *Workman*, 105 F. App'x at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be accorded great weight and deference." *Workman*, 105 F. App'x at 801 (citing *Walters*, 127 F.3d at 531); *see also Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony"). It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand. As the Sixth Circuit recently stated, "an administrative law judge's credibility findings are virtually unchallengeable," and "may not be disturbed absent 'compelling reason.'" *Ritchie v. Comm'r of Soc. Sec.*, 540 F. App'x 508, 511 (6th Cir. 2013) (quoting *Payne v. Comm'r of Soc. Sec.*, 402 F. App'x 109, 112-13 (6th Cir. 2010)).

In discounting Plaintiff's credibility, the ALJ stated:

> At the oral hearing, the claimant gave a history of several surgeries; and the record shows that she had her most recent surgery on May 30, 2013. She did well following the surgery and was discharged on the same day. She also alleged having depression since her parents died in 1990; however, the record

11

> shows only a recent emergency room visit and one psychiatric hospitalization. She reported engaging in a wide range of daily activities in May 2012 and in her report to Dr. Lazzara (Exhibit 7F).
>
> . . . [T]he undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision.

(Tr. 18.) The ALJ also noted that "[n]o treating sources have placed any limitations on [Plaintiff's] activities, and [Plaintiff] admitted that she could lift 10 pounds." (*Id.*)

Plaintiff asserts that she is entitled to relief because the ALJ's reliance on "meaningless boilerplate clearly demonstrates that his opinion is not supported by substantial evidence." (ECF No. 11, PageID.544.) Plaintiff cites *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012), in which the Seventh Circuit criticized the use of "meaningless boilerplate." *Id.* at 645. However, the shortcoming with the ALJ's decision in *Bjornson* was that the ALJ "used the boilerplate as [his] only statement about the claimant's credibility." *Johnson v. Comm'r of Soc. Sec.*, No. 1:12-cv- 114, 2013 WL 1703894 at *4 (W.D. Mich. Apr.19, 2013). On the other hand, where such boilerplate is accompanied by appropriately detailed and focused analysis, the presence of the offending boilerplate does not constitute grounds for relief. *Id.* In this case, the ALJ discussed the evidence of record at length and briefly discussed his rationale for discounting Plaintiff's subjective allegations. (Tr. 18.) The Court, therefore, rejects this argument.

**4. Vocational Expert**

Plaintiff also contends that the ALJ erred by refusing to adopt the hypothetical posed to the VE which incorporated her subjective complaints. However, a hypothetical question need only include those limitations which the ALJ accepts as credible. *See Blacha v. Sec'y of Health &*

*Human Servs.*, 927 F.2d 228, 231 (6th Cir. 1990). It is well settled that a hypothetical question to a VE need not include unsubstantiated complaints. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1235 (6th Cir. 1993); *see also Carrelli v. Comm'r of Soc. Sec.*, 390 F. App'x 429, 438 (6th Cir. 2010) ("[I]t is 'well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.'") (quoting *Casey*, 987 F.2d at 1235). The VE does not determine a claimant's medical restrictions or how they impact the claimant's residual functional capacity–that is the ALJ's job. *See Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 247 (6th Cir. 1987). The ALJ, having found that Plaintiff's subjective complaints were not fully credible, was not bound by the VE's responses to hypothetical questions incorporating a contrary assumption. Accordingly, Plaintiff's claim of error fails.

## CONCLUSION

For the reasons set forth herein, the Commissioner's decision will be **AFFIRMED**. A separate judgment shall issue.


Dated: December 14, 2015                    /s/ Robert Holmes Bell
                                            ROBERT HOLMES BELL
                                            UNITED STATES DISTRICT JUDGE